FILED

Jan 13 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ shellyy        DEPUTY

To The Honorable Judge Cynthia Dashant.

Greetings Yourhonor.  My name is Thyrone Ryan Stewart.
a prisoner at the California Institution for Men, state prison.
I've been incarcerated for over 22 years for the conviction of
two counts of spousal batterys ruled as misdemeanors. On
July the 10th of 2000, I plead guilty to a strikable prior And A
one year prison prior from 1986... Note: I was given A 5.1
year sentence by useing the pleading from July the 10th of
2000's bifurcated hearing to allow for the pleading for the New
amended information filed Nov the 7th of 2000, where A second
strike prior, was being alleged. Note: on Nov the 7th A motion
to bifurcate the priors, was granted and a hearing was set for Nov
the 8th of 2000. On Nov the 8th of 2000 I withdraw the bifurcation
motion. At sentencing the Jury was discharged after it returned
a verdict and before the issue of the prior convictions were.
tendered to.

Case # RIF091928

Direct Appeal # E028880

See. People v WoJahn
150 Cal. App. 3d 1024  (1984)

I Thank you for your time

Sencerly  Thyrone Ryan Stewart

Thyrone Ryan Stewart

Thyrene Ryan Stewart
CIM A-7-64-m
PO Box 3100
Chino CA, 91708
#D-43175

In re Thyrene Ryan Stewart

Petitioners Request for
a Speaking Motion and
Judicial Notice

## Introduction

Now comes the petitioner, Thyrene Ryan Stewart, Asking this court,
to please Address some additional evidence, of matters not raised
in the original pleadings, .. "Petitioner's Actual Innocence Claim". .. On April
23rd of 2000, the Petitioner was arrested, given the booking number
#200013968. Petitioner, denied the charge, and an Information, was
Filed, case No. RIM394886. On June 8th 2000, the charges were
droped and the case dismissed, with an order to release the Petitioner.
Note: Without an arrest, or booked, and fingerprented, on July 10th of 2000,
the Petitioner, was healed to answer to a "new Information," case No.
RIF091928, charging four felonys and alleged[a]strike prior and[a]
prior prison term. The Petitioner tryed to file a Heabes Corpus, witch
was denied. On November 7th 2000, was the first day of trial, and
an Amended Information was filed for, and denied the prior, then

were alleged. Petitioners Counsel, asked by an oral motion, to Allow the Bifurcation, of the priors. The Jury, and the Petitioner, were ordered to return November 8th 2000. On November 8th 2000, the Jury panel, was summoned and sworn in. Petitioners Counsel, withdraw the motion, to Bifurcate the priors. *See pages 1 through 5. The alleged extra strike prior, on the Amended Information, were not proven, by the prosecution. *see pages 6 through 8 and pages 9 through 11. In the original Information, filed July 10th 2000, of which the Petitioner, did admit to the Allegation, of the priors, in a hearing. The Petitioner now provides Documents and evidence from the Depament of Justices Public Inquiry Unit, *see page 12 and 13 look at Entrie No. 3, shows April 23rd 2000, the date Petitioner, was arrested by Officer Heath Baker, due to a private person order *see pages 14 and 15 The Petitioner was Booked under 2000/3968, Fingerprinted, and Photoed. Petitioner denied the charge, and the case, was filed, and given CASE No. RIM 394886. The next or 4th entrie on page 13 Is dated January 5th 2001," showing the four counts filed in case No. RIF091928, but this date, is the date, Petitioner, was sentenced. On page 16 there are four entries, look at entrie No. 3. Its dated Auguest 28th 2000. Alleging two counts, but August 28th 2000 was the date of trial in case No. RIF091928, with no Arrest received. Note: page 16 are entries of dispositions and arrest that do not have positive Identification because fingerprins were not received. Note: On April 2nd 2002, on a motion by the Judges of the "Court of Appeals, dismissed the application, of the prosecuting Attorney, and gave a statement of reasons, and grounds for demurrer, under section 1385, of the Penal Code. The Petitioner, was not convicted, for the purposes of Penal Code 667(A)(1), pursuant to P.C. 1385 (b).

× .

Verification

Wherefor Petitioner and Pro se Petitioner Thyrene Ryan Stewart hereby on this day of Nov 5th 2018 certifys and declares that the above forgoing and attached Exhibits, are true and correct copies to the best of belief and Knowledge and to those stated upon best information and belief. I do believe them to be true under penalty of perjury At and in the city of Chino California Being duly sworn and executed on

Thyrene Ryan Stewart
pro se

```
 1              TUESDAY, NOVEMBER 7, 2000, CORONA, CALIFORNIA
 2          DIVISION 1, HONORABLE TIMOTHY J. HEASLET PRESIDING
 3
 4              (Whereupon the District Attorney enters the
 5               courtroom.)
 6          THE COURT:  The Marsden motion has been denied.
 7   We'll go on and address the motions.
 8              Mr. Stewart, before you came out, I invited the
 9   attorneys into my chambers to discuss scheduling and the
10   different motions that are going to be litigated before we
11   start the jury selection process.  And so, basically, that's
12   what we're going to do now is put on the record all the legal
13   things that have to do with your case.
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  First order of business, as I
16   understand it, is that at master calendar an Amended
17   Information was offered, but the judge suggested that the
18   Trial Court actually do the arraignment.
19          MR. HESTRIN:  Yes, your Honor.
20          THE COURT:  Have you served Counsel a copy of the
21   Amended Information?
22          MR. HESTRIN:  Yes.
23          THE COURT:  Mr. Valadez, do you wish to acknowledge
24   receipt thereof?
25          MR. VALADEZ:  Yes, I will, your Honor.  I do.
26          THE COURT:  All right.  If you would like to file
27   the original with us at this time.
28          MR. HESTRIN:  Your Honor, the -- the original was
```

1   in the -- oh, there it is right there.

2           THE COURT:  Does that have a file stamp on it?

3           THE CLERK:  They crossed through it but received

4   it.

5           THE COURT:  All right.  It looks like the Amended

6   Information is identical to the original Information except

7   two strikes now have been alleged, whereas in the original

8   Information, only one had been alleged.

9           MR. HESTRIN:  Yes, your Honor.  That's right.

10          THE COURT:  Okay.  Defense wish to be heard on the

11  filing of the Amended Information?

12          MR. VALADEZ:  No.  Submit it, your Honor.

13          THE COURT:  Wish to stipulate Mr. Stewart has been

14  advised of his legal and constitutional rights?

15          MR. VALADEZ:  Yes, your Honor.

16          THE COURT:  Enter pleas of not guilty at this time

17  and deny all priors?

18          MR. VALADEZ:  Yes.

19          THE COURT:  I understand that fairly proforma,

20  there's a motion to bifurcate the priors from the trial.

21          MR. VALADEZ:  That's my motion.

22          THE COURT:  People wish to submit?

23          MR. HESTRIN:  Submit.

24          THE COURT:  That motion is granted then.

25          I assume both sides wish to have the Court order

26  that all witnesses or potential witnesses be excluded.

27          MR. HESTRIN:  Yes, your Honor.

28          MR. VALADEZ:  Yes, your Honor.

13

1          THE COURT:  That motion is granted.  I would ask
2    both attorneys to keep an eye on the spectator section of the
3    courtroom so that you might spot any potential witnesses.  I
4    wouldn't recognize them.  So I leave it up to the attorneys
5    to stay on their toes in this regard.  And I simply ask the
6    lawyers inform their witnesses not to discuss their testimony
7    with anyone connected with this case.

8          And I understand from the discussion in chambers
9    there will be motion by the People to admit, pursuant to
10   Section 1109, of a 1991 incident.

11         MR. HESTRIN:  Yes, your Honor.  Your Honor, I did
12   give the Court a trial brief that I prepared basically just
13   outlining People's arguments in that regard.  I did also give
14   a copy to Counsel.

15         THE COURT:  The description of the conduct alleged
16   or sought to be introduced pursuant to Section 1109 of the
17   Evidence Code appears on page 2 of your trial brief, lines,
18   basically, 5 through 10, a very brief statement of facts that
19   you intend to prove up.

20         Mr. Valadez, do you wish to be heard on the
21   People's motion at this time?

22         MR. VALADEZ:  Yes, your Honor.

23         I would ask that evidence not be received.  I'm
24   just looking at the -- the People's brief, and the case they
25   cite that on, on the following page, the language that I
26   believe was cited in the original opinion was taken from an
27   assembly report of some kind of public safety.  They're
28   describing a situation where there's a pattern of escalating

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE   C00067
505 S Buena Vista Ave Rm 201
Corona, Ca  91720-1997

People of the State of California
Vs.                          CASE NO.  RIF091928
THYRONE RYAN STEWART

MINUTE ORDER

================================================================
JURY TRIAL
Date:.11/07/00      Time:  1:30 dm     Dept/Div: C1
================================================================
Charges: 1) 245(A)(1) PC-F A, 2) 243(D) PC-F A, 3) 273.5(A) PC-F A
4) 273.5(A) PC-F A, 999) 667.5(B) PC-F A, 999) 667(A) FC-F A
999) 667(A) PC-F A
----------------------------------------------------------------
Honorable TIMOTHY J. HEASLET Presiding.
Clerk: D. RIDER
Court Reporter: K. POTTER
People Represented By M HESTRIN, DDA.
Defendant Represented By CDP-LEONARD VALADEZ.
Defendant Present.
1ST DAY OF TRIAL
At 13:30, the following proceedings were held:
Court and Counsel Confer regarding: Trial issues; voir dire;
scheduling (informally
in-chambers).
People's trial brief filed.
Motion By Defendant Regarding Marsden is called for hearing.
District Attorney is not present; Defendant
addresses the Court.
Motion Denied.
People Represented By M HESTRIN, DDA.
Amended Information is Ordered Filed.
Defendant's counsel waives formal arraignment.
Defendant denies Prior(s).
Oral Motion By DEFENSE regarding BIFURCATE PRIORS is called for
hearing.
Motion Granted.
Motion to Exclude all Witnesses is granted.
1109 EC Hearing re: evidence of prior conduct of
the Defendant.
1101b EC Hearing re: admission of statements by
witnesses as to motive.
Jury Panel (80) reserved for 11/8/00 at 9:30 am.
Jury TRIAL IN-PROGRESS is adjourned to 11/08/2000 at  9:30 in
Department C1.
Defendant Ordered to Return.
Remains remanded to custody of Riverside Sheriff.
Bail To Remain as fixed.
Defendant to be dressed out for trial.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE   000070
505 S Buena Vista Ave Rm 201
Corona, Ca  91720-1997

People of the State of California
Vs.                              CASE NO.  RIF051928
THYROME RYAN STEWART

MINUTE ORDER

=========================================================
Jury Trial In-Progress
Date: 11/08/00      Time:   9:30 am     Dept/Div: C1
=========================================================
Charges: 1) 245(A)(1) PC-F A, 2) 243(D) PC-F A, 3) 273.5(A) PC-F A
4) 273.5(A) PC-F A, 999) 667.5(B) PC-F A, 999) 667(A) PC-F A
999) 667(A) PC-F A
---------------------------------------------------------
Honorable TIMOTHY J. HEASLET Presiding.
Clerk: D. RIDER
Court Reporter: K. POTTER
People Represented By M HESTRIN, DDA.
Defendant Represented By CDP-LEONARD VALADEZ.
Defendant Present.
2ND DAY OF TRIAL
At 10:00, the following proceedings were held:
Court and Counsel Confer regarding: trial issues (informally
in-chambers).
COURT ORDERS BENCH WARRANT ISSUED AS TO WITNESS
PATRICIA JAMES - D.O.B. 8/21/54 IN THE AMOUNT OF
$5000.00.
At 10:30, the following proceedings were held:
Prospective Jury Panel having been summoned, is sworn regarding
their qualifications to act as trial jurors. (JSEL)
Jury Voir Dire Commences.
Out of the Presence Of the Jury, the following proceedings were
held: Defense Counsel withdraws motion to bifurcate
priors.
At 12:05 Court recesses for lunch.
At 13:30 Court reconvenes.
Jury Voir Dire Continues.
Out of the Presence Of the Jury, the following proceedings were
held: at 14:10 - Court and Counsel confer re: challenges
for cause.
Jury Voir Dire Continues.
Out of the Presence Of the Jury, the following proceedings were
held: at 15:15 - Court and Counsel confer regarding
challenges for cause.
Jury Voir Dire Continues.
At 16:20, the following proceedings were held:
Twelve Jurors and two alternates are selected to
try the cause.
Jury Panel Sworn to try the cause.

000064

GROVER TRASK
District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, California 92501
Telephone: (909) 955-5400

ORIGINAL 2nd

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
OCT 24 2000

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
NOV 07 2000

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
(Riverside)

THE PEOPLE OF THE STATE OF CALIFORNIA,
                                    Plaintiff,

                    v.

THYRONE RYAN STEWART

                                    Defendant.

NO. RIF091928

AMENDED
INFORMATION
MAJOR CRIMES DIVISION
DOMESTIC VIOLENCE

COUNT 1

The District Attorney of the County of Riverside hereby accuses THYRONE RYAN
STEWART of a violation of Penal Code section 245, subdivision (a), subsection (1), a Felony,
in that on or about April 23, 2000, in the County of Riverside, State of California, he did
wilfully and unlawfully commit an assault upon PATRICIA J., by means of force likely to
produce great bodily injury.

The District Attorney of the County of Riverside further charges that in the commission
of the offense hereinabove set forth in count 1 of the amended information, the said defendant,
THYRONE RYAN STEWART, personally inflicted great bodily injury under circumstances
involving domestic violence upon PATRICIA J., within the meaning of Penal Code sections
12022.7, subdivision (d) and 1192.7, subdivision (c), subsection (8):

COUNT 2

For a further and separate cause of action, being a different offense from but connected
in its commission with the charge set forth in count 1 hereof, the District Attorney of the
County of Riverside hereby accuses THYRONE RYAN STEWART of a violation of Penal
Code section 243, subdivision (d), a Felony, in that on or about April 23, 2000, in the County of

GROVER TRASK
DISTRICT ATTORNEY
County of Riverside
State of California

1

000065

1  Riverside, State of California, he did wilfully and unlawfully use force upon the person of
2  PATRICIA J., inflicting thereby serious bodily injury.

COUNT 3

3       For a further and separate cause of action, being a different offense from but connected
4  in its commission with the charges set forth in counts 1 and 2 hereof, the District Attorney of
5  the County of Riverside hereby accuses THYRONE RYAN STEWART of a violation of Penal
6  Code section 273.5, subdivision (a), a Felony, in that on or about April 23, 2000, in the County
7  of Riverside, State of California, he did wilfully and unlawfully inflict a corporal injury
8  resulting in a traumatic condition upon PATRICIA J., who was then and there the spouse of
9  said defendant, a person with whom said defendant was then and there cohabiting, and the
10 parent of said defendant's child.

11      The District Attorney of the County of Riverside further charges that in the commission
12 of the offense hereinabove set forth in count 3 of the amended information, the said defendant,
13 THYRONE RYAN STEWART, personally inflicted great bodily injury under circumstances
14 involving domestic violence upon PATRICIA J., within the meaning of Penal Code sections
15 12022.7, subdivision (d) and 1192.7, subdivision (c), subsection (8).

COUNT 4

16      For a further and separate cause of action, being a different offense from but connected
17 in its commission with the charges set forth in counts 1, 2 and 3 hereof, the District Attorney of
18 the County of Riverside hereby accuses THYRONE RYAN STEWART of a violation of Penal
19 Code section 273.5, subdivision (a), a Felony, in that on or about April 22, 2000, in the County
20 of Riverside, State of California, he did wilfully and unlawfully inflict a corporal injury
21 resulting in a traumatic condition upon PATRICIA J., who was then and there the spouse of
22 said defendant, a person with whom said defendant was then and there cohabiting, and the
23 parent of said defendant's child.

**FIRST PRIOR OFFENSE:**

24      The District Attorney of the County of Riverside further charges that the defendant,
25 THYRONE RYAN STEWART, was on or about December 18, 1992, in the Superior Court of
26 the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE
27 BURGLARY, a felony, in violation of Penal Code section 459 and thereafter served a separate
28 term in state prison for said offense, and did not remain free of prison custody for, and did
29 commit an offense resulting in a felony conviction during a period of five years subsequent to
30 the conclusion of said term, within the meaning of Penal Code section 667.5, subdivision (b).

**SECOND SERIOUS PRIOR OFFENSE:**

31      The District Attorney of the County of Riverside further charges that the defendant,
32 THYRONE RYAN STEWART, was on or about December 16, 1992, in the Superior Court of

GROVER TRASK
DISTRICT ATTORNEY
County of Riverside
State of California

2

THIS date was changed From 12-10-1992
to 10-28-1992

sams

7

000068

1  the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE

2  BURGLARY, a serious felony, in violation of Penal Code section 459, within the meaning of

3  Penal Code section 667, subdivision (a).

4  **THIRD SERIOUS PRIOR OFFENSE**:

5      The District Attorney of the County of Riverside further charges that the defendant,

6  THYRONE RYAN STEWART, was on or about November 14, 1986, in the Superior Court of

7  the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE

8  BURGLARY, a serious felony, in violation of Penal Code section 459, within the meaning of

9  Penal Code section 667, subdivision (a).

10     **FIRST SPECIAL PRIOR OFFENSE [PC 667(c)&(e) and 1170.12(c)]**:

11     The District Attorney of the County of Riverside further charges that the defendant,

12 THYRONE RYAN STEWART, was on or about December 10, 1992, in the Superior Court of

13 the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE

14 BURGLARY, a serious and violent felony, in violation of Penal Code section 459, within the

15 meaning of Penal Code sections 667, subdivisions (c) and (e), and 1170.12, subdivision (c).

16     **SECOND SPECIAL PRIOR OFFENSE [PC 667(c)&(e) and 1170.12(c)]**:

17     The District Attorney of the County of Riverside further charges that the defendant,

18 THYRONE RYAN STEWART, was on or about September 12, 1986, in the Superior Court of

19 the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE

20 BURGLARY, a serious and violent felony, in violation of Penal Code section 459, within the

21 meaning of Penal Code sections 667, subdivisions (c) and (e), and 1170.12, subdivision (c).

22

23                    GROVER TRASK
                      District Attorney
24

25

26

27                    ALLISON J. BARHAM
                      Supervising Deputy District Attorney
28

29

30 AJB:fmg

31

32

33

34

35

36

GROVER TRASK
DISTRICT ATTORNEY
County of Riverside
State of California

3

000008

1   GROVER TRASK
2   District Attorney
3   County of Riverside                                    Arraign: 7/11/00
4   4075 Main Street, First Floor
5   Riverside, California  92501
6   Telephone: (909) 955-5400



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 10 2000

7
8   
9
10                          SUPERIOR COURT OF CALIFORNIA
11                              COUNTY OF RIVERSIDE
12                                   (Riverside)
13
14   THE PEOPLE OF THE STATE OF CALIFORNIA,        NO.  RIF091928
15                                   Plaintiff,
16                        v.                   I N F O R M A T I O N
17                                                 MAJOR CRIME DIVISION
18   THYRONE RYAN STEWART                          DOMESTIC VIOLENCE
19                                                 AGENCY#:  P300113172/RPD
20                                   Defendant.
21                                   COUNT 1
22       The District Attorney of the County of Riverside hereby accuses THYRONE RYAN
23   STEWART of a violation of Penal Code section 245, subdivision (a), subsection (1), a Felony,
24   in that on or about April 23, 2000, in the County of Riverside, State of California, he did
25   wilfully and unlawfully commit an assault upon PATRICIA J., by means of force likely to
26   produce great bodily injury.
27       The District Attorney of the County of Riverside further charges that in the commission
28   of the offense hereinabove set forth in count 1 of the information, the said defendant,
29   THYRONE RYAN STEWART, personally inflicted great bodily injury under circumstances
30   involving domestic violence upon PATRICIA J., within the meaning of Penal Code sections
31   12022.7, subdivision (d) and 1192.7, subdivision (c), subsection (8).
32                                   COUNT 2
33       For a further and separate cause of action, being a different offense from but connected
34   in its commission with the charge set forth in count 1 hereof, the District Attorney of the
35   County of Riverside hereby accuses THYRONE RYAN STEWART of a violation of Penal
36   / / /

GROVER TRASK
DISTRICT ATTORNEY
County of Riverside
State of California

1

IMAGED

C00069

Code section 243, subdivision (d), a Felony, in that on or about April 23, 2000, in the County of Riverside, State of California, he did wilfully and unlawfully use force upon the person of PATRICIA J., inflicting thereby serious bodily injury.

COUNT 3

For a further and separate cause of action, being a different offense from but connected in its commission with the charges set forth in counts 1 and 2 hereof, the District Attorney of the County of Riverside hereby accuses THYRONE RYAN STEWART of a violation of Penal Code section 273.5, subdivision (a), a Felony, in that on or about April 23, 2000, in the County of Riverside, State of California, he did wilfully and unlawfully inflict a corporal injury resulting in a traumatic condition upon PATRICIA J., who was then and there the spouse of said defendant, a person with whom said defendant was then and there cohabiting, and the parent of said defendant's child.

The District Attorney of the County of Riverside further charges that in the commission of the offense hereinabove set forth in count 3 of the information, the said defendant, THYRONE RYAN STEWART, personally inflicted great bodily injury under circumstances involving domestic violence upon PATRICIA J., within the meaning of Penal Code sections 12022.7, subdivision (d) and 1192.7, subdivision (c), subsection (8).

COUNT 4

For a further and separate cause of action, being a different offense from but connected in its commission with the charges set forth in counts 1 through 3 hereof, the District Attorney of the County of Riverside hereby accuses THYRONE RYAN STEWART of a violation of Penal Code section 273.5, subdivision (a), a Felony, in that on or about April 22, 2000, in the County of Riverside, State of California, he did wilfully and unlawfully inflict a corporal injury resulting in a traumatic condition upon PATRICIA J., who was then and there the spouse of said defendant, a person with whom said defendant was then and there cohabiting, and the parent of said defendant's child.

**FIRST PRIOR OFFENSE:**

The District Attorney of the County of Riverside further charges that the defendant, THYRONE RYAN STEWART, was on or about December 10, 1992, in the Superior Court of the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE BURGLARY, a felony, in violation of Penal Code section 459 and thereafter served a separate term in state prison for said offense, and did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during a period of five years subsequent to the conclusion of said term, within the meaning of Penal Code section 667.5, subdivision (b).

/ / /

/ / /

GROVER TRASK
DISTRICT ATTORNEY
County of Riverside
State of California

2

000010

1

**SECOND SERIOUS PRIOR OFFENSE:**

2       The District Attorney of the County of Riverside further charges that the defendant,

3   THYRONE RYAN STEWART, was on or about December 10, 1992, in the Superior Court of

4   the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE

5   BURGLARY, a serious felony, in violation of Penal Code section 459, within the meaning of

6   Penal Code section 667, subdivision (a).

7       **THIRD SERIOUS PRIOR OFFENSE:**

8       The District Attorney of the County of Riverside further charges that the defendant,

9   THYRONE RYAN STEWART, was on or about November 14, 1986, in the Superior Court of

10  the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE

11  BURGLARY, a serious felony, in violation of Penal Code section 459, within the meaning of

12  Penal Code section 667, subdivision (a).

13      **FIRST SPECIAL PRIOR OFFENSE [PC 667(c)&(e) and 1170.12(c)]:**

14      The District Attorney of the County of Riverside further charges that the defendant,

15  THYRONE RYAN STEWART, was on or about December 10, 1992, in the Superior Court of

16  the State of California, for the County of Riverside, convicted of the crime of FIRST DEGREE

17  BURGLARY, a serious and violent felony, in violation of Penal Code sections 667, subdivisions (c) and (e), and 1170.12, subdivision (c).

18

19

20

21

22

23      GROVER TRASK

24      District Attorney

25

26

27      ALLISON J. BARHAM

28      Supervising Deputy District Attorney

29

30  AJB:dac

31

32

33

34

35

36

*KAMALA D. HARRIS*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

BUREAU OF CRIMINAL INFORMATION AN;
P.O
SACRAMENTO, C

August 8, 2011

Thryone Stewart D043175
PO Box 8500 D 126
Coaling, CA. 93210

Re:   Criminal History Record
      CII # A06039275

Dear Mr. Stewart:

This letter is in response to your claim of inaccuracy or incompleteness regarding your Californ
state summary criminal history record as maintained by the Bureau of Criminal Identification & Analys
(BCIA). In your letter you claim you were charge twice for the arrest dated April 23, 2000.

The BCIA is required, pursuant to California Penal Code section 11105(a)(2), to record specif
arrest, disposition, and personal identification information when reported by a law enforcement agency o
court of this state. This information can only be modified or deleted at the direction of the contributin
agency or by order of the court having jurisdiction.

Upon further review of your criminal history record, the BCIA could find no court dispositic
information with the file number RIM394886 associated with the arrest dated April 23, 2000. The BCI
has contacted the appropriate agencies in an attempt to obtain disposition information for the event date
April 23, 2000, and we were successful in having our request answered. This has resulted in the outcon
to be display the count information contained in the Riverside Superior Court Case number RIF091928.

A review of our files reveals that the information you are questioning dated August 28, 2000, h
been accurately recorded as originally submitted by the contributing agency. This is substantiated by t
disposition documents from the courts. Therefore, our record appears to be in order and no changes a
necessary. Until such time as additional information is received, your criminal history record will rema
as is.

An amended copy of your California state summary criminal history record is enclosed. If yo
have any further questions, please direct your correspondence to the Record Review Unit at the addre
above.

Sincerely,

JOE LAMB
Criminal Identification Specialist II
Record Access & Security Program

For   KAMALA D. HARRIS
      Attorney General

COM  ADR-042300 (3250, PANORAMA, 54,, RIVERSIDE,
     CA, 92501, )
  COM  SCN-99900330077
* * * *

CUSTODY:CDC              NAM:08
20000203  CASE CHING

CNT:01     #D43175
  VIOLATION OF PAROLE                          TOC:N
    -TO FINISH TERM
* * * *

ARR/DET/CITE:          NAM:04  DOB:19560811
20000423  CAPD RIVERSIDE
CNT:01     #200013968
  243(E)(1) PC-BAT:SPOUSE/EX SP/DATE/ETC         TOC:M
    COM: PHOTO AVAILABLE
    COM: ADR-042300 (3250, PANORAMA, 54,, RIVERSIDE, CA,
       92501, )
    COM: SCN-99901140077

COURT:              NAM:04
20010105) CASC RIVERSIDE
  CNT:01     #RIF091928
    242 PC-BATTERY                               TOC:M
  *DISPO:CONVICTED
    CONV STATUS:MISDEMEANOR
    SEN: CONVICTED

CNT:02-03
    273.5(A) PC-INFLICT CORPORAL INJ SPOUSE/COHAB   TOC:F
  *DISPO:CONVICTED
    CONV STATUS:FELONY

CNT:04
    245(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY   TOC:F
  *DISPO:CONVICTED
    CONV STATUS:FELONY
    SEN: 1 YEARS PRISON, 50 YEARS TO LIFE PRISON
* * * *

CUSTODY:CDC           NAM:04
20010202  CASD CORR DELANO

CNT:01     #D43175
  VIOLATION OF PAROLE                            TOC:N

CNT:02
    273.5(A) PC-INFLICT CORPORAL INJ SPOUSE/COHAB   TOC:F
    CRT #:RIF091928

CNT:03
    273.5(A) PC-INFLICT CORPORAL INJ SPOUSE/COHAB   TOC:F
    -W/PRIOR PRISON
    SEN FROM: RIVERSIDE CO  CRT #RIF091928
    SEN: 51 YEARS TO LIFE

CITY OF RIVERSIDE
COUNTY OF RIVERSIDE
STATE OF CALIFORNIA

ORDER OF ARREST---------PRIVATE PERSON

To:    Chief of Police                     File No. 13 00 114 687  E-00
        City of Riverside
        State of California                               0810

People of the State of California

v.

THYRONE RYAN STEWART
                       Defendant

You are hereby officially informed that on the 23 day of APRIL 24, I made an arrest on the above named defendant, having charged said person with violation of Section 243(E)(1) PC, that at the time of the arrest I informed said defendant of his/her arrest, of the cause of the arrest, and of my authority to make it. Thereafter, I demanded that a police officer of the City of Riverside, California, take said defendant into custody pending his/her release in accordance with California State Law.

The above defendant was arrested by me under authority of Section 834, Section 837, and Section 841 of the Penal Code of the State of California. I further state that the offense for which the defendant was arrested by me was committed in my presence.

I hereby acknowledge Section 148.5 of the Penal Code of the State of California which reads, "Every person who reports to any peace officer listed in Section 830.1 or 830.2, district attorney, or deputy district attorney that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor".

Date 4/23/2000               Officer _____

Time 0835                  Patricia Annette Ganen
                                  Signature of Arresting Party

## VICTIMS OF DOMESTIC VIOLENCE AND SEX CRIMES REQUEST FOR CONFIDENTIALITY

Pursuant to California Penal Code Section 293(a), you are informed that your name will be a matter of public record unless you request that it not become a public record; pursuant to Section 6254 of the Government Code.

I have been informed of my rights to privacy per California Penal Code Section 293(a).   Initials _____

I, _____ hereby elect to exercise my right to privacy, pursuant to Government Code Section 6254.

I, _____ hereby elect not to exercise my right to privacy, pursuant to Government Code Section 6254.

Date _____        Signature of victim _____

Subject was transported to Riverside County Jail and booked under #200013968.  On 4/24/00, Parole Agent Steven Felix placed a 3056 hold on Stewart.

WITNESSES:  Officer Heath Baker, ID #466, Riverside Police Department.

PAROLEE STATEMENT:  Due to time constraints, Stewart was not interviewed. However, it should be noted that during questioning by officers of the Riverside Police Department, Stewart denied striking or choking James.

COURT INFORMATION:  Thyrone Stewart is scheduled to appear in Riverside County Superior court on 5/2/2000, case #RIM394886.

ATTACHMENTS:  Riverside city Police Department reports #P3-00-113-112 (Charge 1), #P3-00-113-172 (Charge 1), #P3-00-114-076 (Charge 2), #P3-00-114-087 (Charge 2).

WITNESSES:  Patricia James, victim.

```
** OR NUMBER MATCH.  POSITIVE IDENTIFICATION HAS NOT BEEN MADE    **
** BECAUSE FINGERPRINTS WERE NOT RECEIVED FOR THE ENTRIES.  USE OF **
** THIS INFORMATION IS THE RECEIVERS RESPONSIBILITY.              **
**                                                                **
************************************************************************
* * * *
```

ARR/DET/CITE:          NAM:04
19910330  CAPD RIVERSIDE

CNT:01    #9109483
  NO ARREST RECEIVED                                    TOC:N

CNT:02    #9109483
  273.5 PC-INFLICT CORPORAL INJ ON SPOUSE/COHAB         TOC:F
- - - -
COURT:                 NAM:04
19910402  CAMC RIVERSIDE

CNT:01    #258453
  602.5 PC-ENTER/ETC NONCOMMERCIAL DWELLING             TOC:M
 *DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR

CNT:02
  242 PC-BATTERY                                        TOC:M
 *DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR

CNT:03
  594(A) PC-VANDALISM                                   TOC:M
 *DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN: 24 MONTHS PROBATION, 60 DAYS JAIL,
        IMP SEN SS, CONCURRENT
   * * * *

ARR/DET/CITE:          NAM:04
20000828  CAPD RIVERSIDE

CNT:01    #200013968
  NO ARREST RECEIVED

CNT:02                                                  TOC:N
  SEE COMMENT FOR CHARGE                                TOC:N
   COM: CHRG-136, 1(A) PC
- - - -
COURT:                 NAM:04
20010105  CASC MCRIVERSIDE

CNT:01    #RIM399482
  136.1(A) PC-PREVENT/DISSUADE WITNESS/VICTIM           TOC:M
  DISPO:DISMISSED/FURTHERANCE OF JUSTICE

CNT:02
  273.6(A) PC-VIO CRT ORD TO PREVNT DOMESTC VIOL        TOC:M
  DISPO:DISMISSED/FURTHERANCE OF JUSTICE
   COM: DCN-T1024910580133000047
      *     *     *   END OF MESSAGE    *     *     *
```

*handwritten: look at page 13 #3 / I was arrested / Apr 23-00 / see page 19 of this section*

NOT TO BE PUBLISHED

COURT OF APPEAL, FOURTH DISTRICT

DIVISION TWO

STATE OF CALIFORNIA



MAR 1 2 2002

COURT OF APPEAL FOURTH DISTRICT.

THE PEOPLE,

Plaintiff and Respondent,

v.

THYRONE RYAN STEWART,

Defendant and Appellant.

E028880

(Super.Ct.No. RIF091928)

O P I N I O N

APPEAL from the Superior Court of Riverside County. Timothy J. Heaslet, Judge. Remanded for resentencing.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General. Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, and Elizabeth A. Hartwig, Deputy Attorney General, for Plaintiff and Respondent.

FACTUAL AND PROCEDURAL BACKGROUND

Shortly after defendant was paroled from prison on April 22, 2000, he was arrested

and charged with assault by means of force likely to cause great bodily injury (Pen.

Code,[1] § 245, subd. (a)(1), count 1), battery which inflicted serious bodily injury (§ 243,

subd. (d), count 2), and inflicting corporal punishment on a spouse (§ 273.5, subd. (a),

counts 3 and 4). The amended information alleged that during the commission of counts

1 and 3, defendant personally inflicted great bodily injury during domestic violence

(§ 12022.7, subd. (d)). It also alleged that defendant had two prior strike convictions

(§§ 667, subds. (c) & (e) & 1170.12, subd. (c)), and two prior serious felony convictions

(§ 667, subd. (a)(1)), and he had served a prior prison term (§ 667.5, subd. (b)).

Defendant pled not guilty to the charges and denied the allegations.  The trial court

granted his motion to bifurcate the trial on the allegations of the prior serious felony

convictions, prior strikes and prior prison terms and defendant admitted them.  A jury

found him guilty as charged in counts 1, 3 and 4 and guilty of the lesser included offense

of misdemeanor battery in count 2.  The jury also found the great bodily injury

allegations were not true.

The trial court sentenced defendant to state prison pursuant to the "Three Strikes"

law for a total aggregate term of 51 years to life, as follows:  consecutive indeterminate

## DISCUSSION

On appeal, defendant contends he was denied his Sixth Amendment right to self-representation when the trial court refused to entertain his *Faretta*[2] motion and the abstract of judgment must be corrected to conform to the reporter's transcript.

1   Defendant waived appellate review of his *Faretta* claim.

Defendant's failure to request a ruling on his pending *Faretta* motion waived review of his claim on appeal. (*People v. Skaggs* (1996) 44 Cal.App.4th 1, 7-8; *People v. Obie* (1974) 41 Cal.App.3d 744, 750 (overruled on another ground, *People v. Rollo* (1977) 20 Cal.3d 109, 120, fn. 4).)

At the August 25, 2000, readiness conference, trial counsel advised the court that the criminal defense panel had relieved defendant's prior appointed counsel and had assigned him to the case. Newly appointed counsel informed the court that he had just obtained the file and would not be ready to begin trial three days later, on August 28, 2000. Counsel also informed the court that defendant did not want to waive time for trial, that he wanted to proceed with the August 28 trial date and that he would represent himself. Defendant personally objected to having new counsel, refused to waive his speedy trial rights (the statutory 60-day time had not yet run), and asked to proceed to    I was arrested on 4-24-

trial pro per. Defendant also advised the court that he was "a schizophrenic." The trial court also opined a defendant who did want to represent himself in a three strikes

19

case. After advising defendant of his maximum exposure and of the perils of proceeding in pro per, the court trailed the hearing on the *Faretta* motion to the following Tuesday. The court noted it also might trail a section 1368 competency hearing, based on defendant's behavior and his claim that he was schizophrenic.

On the following Tuesday, based on information received from counsel, the trial court ordered the criminal proceeding suspended while a competency examination was conducted.

After the two examining psychologists opined that defendant was competent to proceed with trial, the trial court reinstated criminal proceedings on September 29, 2000. On November 7, 2000, various in limine motions and matters were addressed, including defendant's *Marsden*[3] motion. At the conclusion of these matters, the court inquired if there was anything else. Defendant failed to ask for a hearing and ruling on his *Faretta* motion.

On appeal, defendant complains that the trial court failed to hear his *Faretta* motion. It is well-established, as defendant argues, that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. (*Faretta v. California, supra,* 422 U.S. 806; *People v. Windham* (1977) 19 Cal.3d 121, 127-128.) However, as a result of the doubt declared as

to defendant's mental competency, the criminal proceedings were suspended (see *People v. Marks* (1988) 45 Cal.3d 1335, 1340). Thus, the court lacked jurisdiction to hold a hearing or rule upon defendant's *Faretta* motion (*ibid.*) and accordingly properly declined to do so. (*People v. Horton* (1995) 11 Cal.4th 1068, 1108.) After defendant was determined to be competent to stand trial and criminal proceedings were reinstated, defendant failed to pursue his *Faretta* motion when the court inquired if there was anything else. "'Where the court, through inadvertence or neglect, neither rules nor reserves its ruling . . . the party who objected must make some effort to have the court *actually rule*. If the point is not pressed and is forgotten, he may be deemed to have waived or abandoned it, just as if he had failed to make the objection in the first place.' [Citations.]" (*People v. Obie, supra,* 41 Cal.App.3d 744, 750 (overruled on another ground, *People v. Rollo, supra,* 20 Cal.3d 109, 120, fn. 4), quoting Witkin, Cal. Evidence (2d ed. 1966) § 1302, p. 1205.)

This waiver rule applies to *Faretta* requests and recognizes that a defendant who sincerely seeks to represent himself has a responsibility to speak up. (*People v. Skaggs, supra,* 44 Cal.App.4th 1, 7-8.) Defendant's failure to request such a ruling or to raise the issue again when the trial court asked if there were any other matters to address precludes his raising the issue on appeal.

2.  The trial court's failure to impose the two prior serious felony conviction enhancements requires a remand for resentencing.

Defendant contends that, because the trial court did not impose the prior serious felony enhancement terms (§ 667, subd. (a)(1)), the abstract of judgment incorrectly indicates they were stayed.  He asks this court to order the abstract amended accordingly.

Pointing out that trial courts lack the discretionary or statutory authority to stay or strike prior serious felony conviction enhancements (§ 1385, subd. (b); *People v. Askey* (1996) 49 Cal.App.4th 381, 389), the People urge this court to modify the judgment to impose the enhancement terms.

The clerk's transcript and the abstract of judgment indicate the trial court imposed two five-year prior serious felony conviction enhancement terms, but stayed execution of them.  They also indicate the trial court imposed a concurrent term on count 1.  The reporter's transcript does not reflect imposition of either the two enhancement terms or a concurrent sentence on count 1.  It reflects the following:

"THE COURT:  All right.  So I think then what's viable as far as sentencing and what [defendant] is exposed to is two consecutive life terms for Counts III and IV and an imposition of a stay of sentencing on Count 1 pursuant to Section 654.

"All right.  As a matter of law, [defendant] is ineligible for probation, and therefore the Court is relieved of the function under the rules of court of balancing

"At this time, pursuant to law then as to Count III, the defendant is ordered to serve a term in state prison characterized as an indeterminate term of 25 years to life. And as for Count IV is the same sentence, but consecutive to [Count] III.

"However, there was a one-year prior, I believe.

"[PROSECUTOR]:  I believe it was, your Honor.

"THE COURT:  Alleged and proven.[4]

"Defendant is sentenced to one year in state prison to serve before the indeterminate sentencing for the one state prison prior proved up pursuant to 667(c) [*sic.*]. If my memory serves, the strikes were just alleged as strikes, but they weren't alleged state prison priors as well.

"[PROSECUTOR]:  That's correct.

"THE COURT:  All right.  So I don't think indeterminate sentences [are] imposable as to that."

On the foregoing sentencing record and, in particular, in view of the trial court's failure to impose the mandatory enhancement terms pursuant to section 667, subdivision (a)(1), a remand for resentencing is appropriate.

DISPOSITION

The judgment is affirmed and the matter is remanded for resentencing.

NOT TO BE PUBLISHED

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

WARD
J.

24

NOT TO BE PUBLISHED

COURT OF APPEAL, FOURTH DISTRICT

DIVISION TWO

STATE OF CALIFORNIA



FILED
APR 0 2 2002
COURT OF APPEAL FOURTH DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

v.

THYRONE RYAN STEWART,

    Defendant and Appellant.

E028880

(Super.Ct.No. RIF091928)

ORDER MODIFYING OPINION
AND DENYING REHEARING;
CHANGE IN JUDGMENT

THE COURT:

    The cruel and unusual punishment argument that defendant asserts for the first time in his petition for rehearing is rejected. *Andrade v. Attorney General of State of California* (9th Cir. 2001) 270 F.3d 743, and *Brown v. Mayle* (9th Cir., Feb. 7, 2002, Nos. 99-17261, 99-56197) ___ F.3d ___ [2002 D.A.R. 1638] are factually distinguishable. In both cases, the court found the punishment cruel and unusual after determining there was an inference the sentences were "grossly disproportionate" because the defendants were likely to spend the rest of their lives in prison for shoplifting. Here, defendant was not simply convicted of a petty theft with a prior, a "wobbler." In addition, the *Brown v. Mayle* decision is not yet final   (Fed. Rules App Proc., rules 40(a)(1), 41(b) [mandate does not issue for at least 21 days after the judgment is entered].) Furthermore, decisions of the Ninth Circuit are not binding on this court (*People v. Crittenden* (1994) 9 Cal 4th 83, 120, fn. 3); only decisions of the United States Supreme Court are binding on us, and otherwise we may independently determine federal law. (*Black v. Department of Mental Health* (2000) 83 Cal App 4th 739, 747, *Gervase v. Superior Court* (1995) 31 Cal App 4th 1218, 1223 fn ) To the extent that our may contrast *Brown v. Andrade* [illegible] ...

[remainder illegible]

12

It is ordered that the opinion filed in this case on March 12, 2002, be modified as follows:

1. On page 1, in the first paragraph, "Remanded for resentencing" is changed to "Affirmed with directions."

2. At the end of the last sentence of the last paragraph on page 1, "We affirm but remand the matter for resentencing" is changed to read "We affirm with directions."

3. On page 6, the heading is changed to read: "2. The abstract of judgment must be corrected to reflect the sentence imposed."

4. On page 7, the last full paragraph is changed to read as follows:

As the foregoing record reveals and as defendant argues, the abstract of judgment incorrectly indicates that the trial court imposed two prior serious felony enhancement terms (§ 667, subd. (a)(1)). Furthermore, because the jury found the infliction of great bodily injury allegations were not true (§ 12022.7), defendant was not convicted of a serious felony for purposes of section 667, subdivision (a)(1). Thus, contrary to the People's argument, the abstract of judgment must be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181.)

5. On page 8, the disposition should be changed to read as follows:

The judgment is affirmed. The clerk of the superior court is directed to issue a corrected abstract of judgment which reflects that the trial court did not impose and stay sentence on the two prior serious felony convictions (§ 667, subd. (a)(1)). The clerk is further directed to transmit a certified copy of the amended abstract to the Department of Corrections. (§§ 1213, 1216.)

This modification changes the judgment.

The petition for rehearing is denied.

HOLLENHORST

Acting P. J.

We concur:

GAUT

J.

2E

000106

RECEIVED
SUPERIOR COURT OF CALIFORNIA

## SUPERIOR COURT OF CALIFORNIA ℃ 6 2000
## COUNTY OF RIVERSIDE
## PROBATION OFFICER'S REPORT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | **DEPT. & JUDGE** C1-HEASLET | **HEARING DATE** 1/5/01, 8:30am |
| vs | **COURT NUMBER** RIF091928 | **PROBATION NUMBER** A337562 |
| **THYRONE RYAN STEWART** | **TYPE OF REPORT** R&S | **PROBATION OFFICER** Lina Soccio |
| | **ATTORNEY** L. Valadez-CDP | **CUSTODY STATUS** Jail |

| DATE OFFENSE(s) 4/22/00 and 4/23/00 | DATE INFORMATION FILED 7/10/00 | DATE CONVICTED 11/14/00 (Priors) 11/17/00 (Charges) | HOW CONVICTED Admitted *before Amends* Jury Verdict |
|---|---|---|---|

7-10-00 to one srn.

amended on 11-7-00

**COUNTS CONVICTED:**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

Count I:   245(a)(1) PC (Assault/Force Likely to Produce GBI), a felony.

JAN 05 2001

Count II:   242 PC (Battery), a felony.

Count III:  273.5(a) PC (Inflict Corporal Injury/Spouse), a felony.

Count IV:  273.5(a) PC (Inflict Corporal Injury/Spouse), a felony.

Priors:   667(c) PC (Prior Felony Conviction – Defined in 667.5(c) or 1192.7(c) PC).
            667(e)(1) PC (Alleged Prior/Strike).
            667(e)(1) PC (Alleged Prior/Strike).

**COUNTS DISMISSED/PENDING:**

None.

**SPECIFICATION OF PLEA:**

None.

**RECOMMENDATION:**

(1) State prison.

27

000139

when the defendant began choking her with both hands. James said she passed out and became unconscious for several minutes. When she awoke, the defendant was on top of her trying to revive her. James said she fled the apartment and ran to a neighbor's to call 911. James did not complain of pain and there were no observable injuries at that time. She refused medical aid and did not want the defendant arrested, but wanted him to leave the area for a while.

The defendant admitted they had been arguing, but he denied choking her or assaulting her in any way. He does not know why she left the apartment and denied being in possession of a knife or assaulting James with one. James also confirmed a knife was not involved in the incident. The defendant was arrested and transported to Riverside County Jail.

**CRIMINAL RECORD:**
CII: <u>A06039275</u>      FBI: <u>95804W8</u>      SSN: <u>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</u>   OLN: <u>N8569133</u>

Source: Local records, CII, FBI, DMV, Riverside Consolidated Courts.

**ADULT:**

| Conviction Date | Convicted Offense(s) | Court/#/Disposition |
|---|---|---|
| 6/10/81 | 484/490.5 PC (M) | RMC/#104856/2 yrs. prob. |
| 11/3/81 | 459 PC 2$^0$ (F) | Riv. Sup. Crt/CR18760/State prison 16 mos. 4-12-82: Work furlough. 5-26-82: Escaped. 8-16-82: Paroled. 6-23-83: Parole violation. 2-3-84: Paroled. |
| 4/8/85 | 10852 VC (M) | RMC/#153486/2 yrs. prob. |
| 11/14/86 | 459 PC (F) w/ prior | Riv. Sup. Crt/CR25515/State prison 4 yrs. 3-1-89: Paroled. 4-23-90: Parole violation. 10-13-90: Paroled. 1-3-91: Parole violation. 3-13-91: Paroled. 5-2-91: Parole violation. 8-24-91: Paroled. |
| 4/2/91 | 242 PC (M) 602.5 PC (M) 594(a) PC (M) | RMC/#258453/2 yrs. prob., 60 days jail, concurrent. |

-4-

000140

```
2/10/92        459 PC 1° (F)        Riv. Sup. Crt/CR44166/State prison
                                    13 yrs. 10-19-98: Parole violation.
                                    9-27-99: Parole violation. 2-2-00:
                                    Parole violation. Ret'd to finish term.
                                    (discharged date: 9-24-02).
```

**DEFENDANT'S STATEMENT:**

The defendant was interviewed in custody on December 18, 2000. He waived

his social history information, as he had only been out on parole a few days prior to his

arrest in this matter. The defendant did say he should be housed in "a medical setting"

because he was incarcerated at "Atascadero" in 1989.

The defendant denies he struck the victim in the face in anger. He grabbed at

her to pull her out of the path of an oncoming car. His finger accidentally went in her

mouth and cut her lip. The defendant denied choking the victim into unconsciousness.

He said she lied to get him into trouble and has since stolen $9,000 from him. The

defendant has no known enemies currently housed by the Department of Corrections

and would prefer to be housed in the southern portion of the state.

**VICTIM'S STATEMENT:**

| RESTITUTION | | INSURED | | LETTER SENT | | NO REPLY |
| ATTEMPTED PHONE | | AMOUNT:  $0 |
| CONTACT |

The undersigned spoke to the victim on December 18, 2000. She said the

defendant's abusive behavior toward her started as verbal abuse and escalated to

slapping, kicking, and striking her with closed fists. On one occasion, he put a t-shirt

around her neck, as she lay face down on the bed and proceeded to pull her head back,

by pulling on the t-shirt around her neck. She currently suffers from a pinched nerve in

her back as a result of his physical abuse. She feels the defendant has some "mental

problems" because he often phoned her mother and reported bazaar stories about

-5-

24

000141

other men beating her.  She does not require restitution and is presently covered by

Medi-Cal.  She has no children with the defendant, does not plan to be present at the

sentencing hearing, and had no comment regarding disposition in this case.

**COLLATERAL INFORMATION:**

    Source:  Michael Hestrin, Deputy District Attorney.
              Leonard Valadez, Criminal Defense Panel Attorney.
              Roel Pequeno, State Parole Agent.

    Attorneys Hestrin and Valadez chose to reserve comment.

    Agent Pequeno said the defendant had only been out of custody a few days and

his parole was violated as a result of the instant offense.

**CRITERIA AFFECTING PROBATION:**
    PROBATION ELIGIBILITY – JUDICIAL COUNCIL RULE 413:

        Rule 413(a):  Pursuant to the provisions of Penal Code Section 667(c)(2),

a grant of probation is prohibited for any reason, in that the defendant has been

convicted of a felony and prior serious/violent felonies within the meaning of 667(d) PC

have been found true.

    SENTENCING DATA:

        The defendant pled guilty to two prior strikes.  Thus, pursuant to 667(e)(2)(a)

PC, the term for each felony count shall be an indeterminate term of 25 years to life

(consecutive).

**PROBATION OFFICER'S STATEMENT:**

    As previously addressed, pursuant to 667(c)(2) PC, the defendant is absolutely

ineligible for probation consideration and state prison is mandated.  The defendant has

served three prior prison terms and accumulated over seven parole violations.  He had

-6-

36

000142

only been out of custody two days, prior to his arrest in the instant matter.  The victim

in this matter described the defendant as jealous and violent.

Penal Code Section 667(e)(2)(a) requires a defendant who has two or more

strikes, that have been pled and proven, to serve an indeterminate term of 25 years to

life in prison, with a minimum term of the indeterminate sentence calculated as the

greater of three times the term; 25 years, or the term determinate pursuant to Penal

Code Section 1170.  Therefore, the greater term is 25 years to life on Count I, with

three consecutive 25 to life sentences on any counts not stayed pursuant to PC 654, or

for which concurrent sentences are allowed to be imposed.  Restitution is not required

in this matter and a restitution fine of $10,000 is recommended.

**CREDIT FOR TIME SERVED:**

| | | |
|---|---|---|
| Local Time | 258 | days |
| PC 4019 Time | 128 | days |
| PC 2933.1 Time | 0 | days |
| Total Time Credited | 386 | days |

| Date(s) of Arrest | Date(s) of Release | Booking #(s) |
|---|---|---|
| 4/23/00 | 1/5/01 (Sentencing) | 200013968 |

-7-

31

000143

A337562                    RIF091928                    Thyrone Ryan Stewart

**RECOMMENDATION:**

It is respectfully recommended that for Count I:  245(a)(1) PC (Assault/Force Likely to Produce GBI), Count II:  242 PC (Battery), Count III:  273.5(a) PC (Inflict Corporal Injury/Spouse), and Count IV:  273.5(a) PC (Inflict Corporal Injury/Spouse), felonies, with Priors:  667(c) PC (Prior Felony Conviction – Defined in 667.5(c) or 1192.7(c) PC), 667(e)(1) PC (Alleged Prior/Strike), 667(e)(1) PC (Alleged Prior/Strike), Thyrone Ryan Stewart, RIF091928, be denied probation and sentenced to state prison.

Pay Restitution Fine of $10,000 through the Clerk of the Court pursuant to 1202.4 PC, as directed by Financial Services Division.  Additional parole restitution fine imposed pursuant to 1202.45 PC, in the amount of $10,000;  suspended unless parole is revoked;  (YC3)

DATED THIS 19th DAY OF DECEMBER.              Respectfully submitted,
LSjr

I HAVE REVIEWED THE ABOVE REPORT.          MARIE WHITTINGTON
                                           CHIEF PROBATION OFFICER

BY: _____              BY: _____
    WILLIAM SEAGER                             LINA SOCCIO
    SUPERVISOR                                 SENIOR PROBATION OFFICER

I have read the within terms and conditions of the probation and discussed them with my attorney.  I fully understand them and waive any reading of them to me by the judge.  I accept and promise to comply with the terms and conditions.


_____                  _____
*Signature*                                *Date*

I have explained the terms of probation to my client and answered any questions.


_____                  _____
*Attorney*                                 *Date*

I hereby certify that I have read and considered the Probation Officer's report.

_____
**JUDGE OF THE SUPERIOR COURT**
(Rev. 06/00)

1        So I find nothing evil or inappropriate about the case

2    originally being filed as a misdemeanor and later filed as a felony

3    once the State became aware of Mr. Stewart's background.

4        Similarly, Mr. Stewart, your statement and allegation that

5    somehow you're being punished for not taking the deal that originally

6    was on the table really misses the point.  At least what I know about

7    the case, that wasn't what happened at all.  Apparently, there was an

8    offer on the table at some point, I don't know, before the State

9    became aware of your criminal history.  That changed dramatically to

10   say the least.  And since you didn't afford yourself of that

11   opportunity, the charges were then refiled or amended to reflect the

12   strike priors which were alleged and proven.

13        THE DEFENDANT:  Your Honor?

14        THE COURT:  Yes, Mr. Stewart.

15        THE DEFENDANT:  I was never asked to take any deal.

16        THE COURT:  You just got through telling me you were given

17   a chance to take 45 days.

18        THE DEFENDANT:  But that didn't --

19        THE COURT:  Wait.  Because someone was cashing your checks,

20   now you say you didn't.

21        THE DEFENDANT:  I'm saying that was the only thing.  You

22   said that they apparently offered me something else.  This is -- this

23   never occurred.

24        THE COURT:  Well, in any case, you didn't.  And now the

25   situations have changed drastically.  The other things on Romero, the

26   priors, yes, one goes back to '81, but because of the fact he was in

27   prison for substantial periods of time and each time got a harsher

28   sentence which is the way sentencing typically goes, it meant that

1   there were longer times between reoffending.  But it does not show an

2   attempt to rehabilitate or change one's lifestyle which under Romero

3   can change the Court's mind; for example, a 15- or 20-year-old felony

4   and no criminal history since then, and then another offense which

5   triggers the application of the so-called strikes legislation that

6   would be a substantial mitigating factor that the Court could consider

7   determining whether or not to strike one of the priors, a so-called

8   strike prior.

9           In this case, the lapse in time primarily are attributable

10  to the fact Mr. Stewart was serving time in prison for his offenses.

11  I note even interspersed at times were other offenses of a serious

12  nature, a conviction in '85 just before the '86 burglary.  There was a

13  '91 misdemeanor conduct, looks like a trespass, malicious mischief and

14  battery apparently just before being sent away on the more recent;

15  that is, the '92 first-degree burglary.

16          And the fact that you're relatively young, all things

17  considered, I don't think it's appropriate at this time that any of

18  the strikes be stricken.

19          That's the Court decision on the so-called Romero motion.

20          On the sentencing issues themselves, I noticed the

21  probation report refers to Count II as a felony.  My review is that

22  was a lesser.

23          MR. HESTRIN:  Yes.

24          THE COURT:  Misdemeanor conviction Counts III and IV, the

25  two separate incidences of spousal battery for which Mr. Stewart was

26  convicted.

27          My question to the attorneys is:  Is Count I, 654, is that

28  the conduct that was part and parcel of the first 273.5?

                                                                    008

1    MR. HESTRIN: Yes.

2    THE COURT: So it should be 654 then, I would think.

3    MR. HESTRIN: Yes, your Honor.

4    THE COURT: All right. So I think then what's viable as

5    far as sentencing and what Mr. Stewart is exposed to is two

6    consecutive life terms for Counts III and IV and an imposition of a

7    stay of sentencing on Count I pursuant to Section 654.

8    All right. As a matter of law, Mr. Stewart is ineligible

9    for probation, and therefore, the Court is relieved of the function

10   under the rules of court of balancing factors that may grant a

11   probation to those that mitigate against.

12   At this time, pursuant to law then as to Count III, the

13   defendant is ordered to serve a term in state prison characterized as

14   an indeterminate term of 25 years to life. And as for Count IV is the

15   same sentence, but consecutive to III.

16   However, there was a one-year prior, I believe.

17   MR. HESTRIN: I believe it was, your Honor.

18   THE COURT: Alleged and proven.

19   Defendant is sentenced to one year in state prison to serve

20   before the indeterminate sentencing for the one state prison prior

21   proved up pursuant to 667(c). If my memory serves, the strikes were

22   just alleged as strikes, but they weren't alleged state prison priors

23   as well.

24   MR. HESTRIN: That's correct.

25   THE COURT: All right. So I don't think indeterminate

26   sentences is imposable as to that.

27   Based on the time Mr. Stewart is to serve by virtue of the

28   two consecutive life terms, Court finds he has the ability to pay



Thyrone Ryan Stewart   #D-43175
CIM A*4-#84
P.O. Box 368
Chino CA 91708

To The Honorable Judge
Cinthya Dashant
221 West broadway suite 314
San Deigo, CA 92101