UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 23-137-MWF (KS)                                          Date: April 23, 2024

Title      *Thyrone Ryan Stewart v. James Hill, et al.*

Present: The Honorable:   Karen L. Stevenson, Chief Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A              Attorneys Present for Respondent: N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**BACKGROUND**

On January 13, 2023, Petitioner, a California state prisoner proceeding *pro se*, filed a letter accompanied by a "Request for a Speaking Motion and Judicial Notice" in the United States District Court for the Southern District of California. (Dkt. No. 1.)  The documents, taken together, were construed as a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"), and on January 25, 2023, the Petition was transferred to the Central District of California and assigned its current case number. (Dkt. Nos. 1-3.)

On March 6, 2023, the assigned District Judge dismissed this action without prejudice because Petitioner failed to pay the filing fee or request *in forma pauperis* status. (Dkt. No. 7.)  Petitioner subsequently filed a motion for reconsideration arguing that he attempted to pay the filing fee but that it was not received or credited. (Dkt. No. 8.)  On March 26, 2024, the District Judge granted the motion for reconsideration and reopened this action. (Dkt. No. 10.)  On April 17, 2024, Petitioner paid the filing fee. (Dkt. No. 11.)

Petitioner is currently serving a "three strikes" sentence of 51 years to life pursuant to a conviction in the Riverside County Superior Court of assault by means of force likely to cause great bodily injury, misdemeanor battery, and inflicting corporal punishment on a spouse. *People v. Stewart*, No. E028880, 2002 WL 384501, at *1 (Cal. Ct. App. Mar. 12, 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  EDCV 23-137-MWF (KS)                                     Date: April 23, 2024

Title    *Thyrone Ryan Stewart v. James Hill, et al.*

According to Petitioner's publicly-available state court records,[1] he was convicted on November 17, 2000, and sentenced on January 5, 2001.  (Dkt. No. 1 at 1); *People v. Stewart*, No. RIF091928, *available at* https://public-access.riverside.courts.ca.gov (last accessed Apr. 22, 2024).  Petitioner's direct appeal of the above conviction and sentence was denied on March 12, 2002 (case no. E028880), and the California Supreme Court denied review of the state appellate court's decision on June 18, 2002 (case no. S106453).  *See People v. Stewart*, Nos. E028880, S106453, *available at* https://appellatecases.courtinfo.ca.gov (last accessed Apr. 22, 2024).

### PETITIONER'S PRIOR FEDERAL HABEAS PETITIONS

Petitioner's first challenge in this Court[2] to the state decision affirming his 2000 judgment of conviction and January 2001 sentence was in an unsuccessful habeas petition filed in 2002.  (*See Thyrone Ryan Stewart v. A A LaMarque*, No. EDCV 02-1274-GHK (MAN).)  On February 28, 2005, the Court issued an order denying habeas relief and dismissing that action with prejudice.  (*Id.*, Dkt. Nos. 22-23.)

On October 8, 2003, Petitioner filed another habeas petition in this Court, which was denied without prejudice as unexhausted on November 7, 2003.  (*See Thyrone Ryan Stewart v. County of Riverside et al.*, No. EDCV 03-1173-GHK (MAN).)

On May 10, 2006, Petitioner filed a third habeas petition in this Court, which was denied as an unauthorized second or successive petition on May 18, 2006.  (*See Thyrone Ryan Stewart v. James A. Yates*, No. EDCV 06-491-GHK (MAN).)

On November 3, 2008, Petitioner again filed a habeas petition in this Court directed at the same conviction and sentence, which was dismissed as an unauthorized second or successive petition on November 23, 2008.  (*See Thyrone Ryan Stewart v. James Yates*, No. EDCV 08-1647-GHK (MAN).)

---

[1]  Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

[2]  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a federal court may take judicial notice of its own records in other cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 23-137-MWF (KS)                             Date: April 23, 2024

Title     *Thyrone Ryan Stewart v. James Hill, et al.*

      On February 4, 2009, Petitioner commenced another habeas corpus action in this Court directed at the same sentence, which was also dismissed as an unauthorized second or successive petition on April 7, 2009. (*See Thyrone Ryan Stewart v. James Yates*, No. EDCV 09-848-GHK (MAN).)

      On May 23, 2011, Petitioner again filed a habeas petition in this Court. (*See Thyrone Ryan Stewart v. Unknown*, No. EDCV 11-807-GHK (MAN).) In that instance, the Court construed an order from the Ninth Circuit as granting Petitioner permission to raise a single claim "regarding Petitioner's alleged entitlement, as a 'Two Strikes' defendant, to receive conduct credits and an MEPD/parole consideration hearing after seven years." (*Id.* at Dkt. No. 3.) That Petition was ultimately denied as untimely and dismissed with prejudice. (*Id.* at Dkt. Nos. 22, 23.)

      On February 9, 2015, Petitioner filed a habeas petition in this Court, challenging the same sentence as "illegal," in violation of his Sixth Amendment rights and arguing that he should be eligible for resentencing under California's Proposition 36. (*See Thyrone Ryan Stewart v. Perez*, No. EDCV 15-245-GHK (KS).) On February 2, 2016, the Court denied habeas relief and entered judgment dismissing the action with prejudice. (*Id.* at Dkt. Nos. 22-23.)

      On December 23, 2015, Petitioner filed another habeas petition in this Court, arguing that his sentence is "an illegal sentence" because it is excessive and violates the Eighth Amendment's prohibition against cruel and unusual punishment. (*See Thyrone Ryan Stewart v. Superior Court of Riverside*, No. EDCV 15-2629-GHK (KS), Dkt. No. 6 at 1.) Petitioner also argued that he was subject to resentencing because of an alleged "forgery" in his Amended Abstract of Judgment. (*Id.* at 2.) On February 8, 2016, the assigned District Judge denied Petitioner's request to proceed *in forma pauperis* and dismissed the action with prejudice. (*See id.* at Dkt. Nos. 8-9.)

      On April 30, 2018, Petitioner filed a habeas petition challenging the same sentence, which was dismissed on June 19, 2018, as second or successive. (*See Thyrone Ryan Stewart v. CIM*, No. EDCV 18-909-RSWL (KS).) On March 1, 2019, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. (*Id.* at Dkt. No. 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 23-137-MWF (KS)                                        Date: April 23, 2024

Title       *Thyrone Ryan Stewart v. James Hill, et al.*

Finally, Petitioner filed another habeas petition on March 27, 2023, which was also dismissed as an unauthorized second or successive petition. (*See Thyrone Ryan Stewart v. James Hill et al.*, No. EDCV 23-544-MWF (KS).)

The instant Petition, filed on January 13, 2023, is expressly directed at the same November 2000 judgment of conviction that Petitioner has attacked in his prior federal habeas petitions ("Prior Federal Petitions"). (*See* Dkt. No. 1 at 1.) In this instance, Petitioner appears to be arguing that an amendment to the original information in his criminal case created errors concerning which charges should have gone to trial. (*Id.* at 2-3.)

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Here, the Court has identified a defect indicating that the Petition must be dismissed as second or successive.

The Petition, like the Prior Federal Petitions, expressly concerns Petitioner's November 2000 judgment of conviction. (Dkt. No. 1 at 1.) State habeas petitioners generally may only file one federal habeas petition challenging a particular state conviction and/or sentence. *See* 28 U.S.C. § 2244(b)(1) (courts shall dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); *see also* § 2244(b)(2) (with certain exceptions, courts shall dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 23-137-MWF (KS)                                                Date: April 23, 2024

Title      *Thyrone Ryan Stewart v. James Hill, et al.*

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Petitioner sought Section 2254 relief based on the same state conviction at issue here in the Prior Federal Petitions.  As discussed above, the Court denied three of those petitions with prejudice.  (*See* Nos. EDCV 2-1274-GHK (MAN); EDCV 15-245-GHK (KS); EDCV 15-2629-GHK (KS).)  Therefore, the pending Petition patently appears to be an unauthorized second or successive petition, and before this Court may consider it, Petitioner must first seek authorization from the Ninth Circuit.  28 U.S.C. § 2244(b)(3); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

## CONCLUSION

**Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of this Order why the Petition should not be dismissed** as an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157.

To discharge the Order to Show Cause, Petitioner must file: (1) a First Amended Petition that explains why this action is not second or successive; or (2) authorization from the Ninth Circuit to file a second or successive petition.

**Petitioner's failure to timely show cause for proceeding with this action <u>will</u> result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(b).**

\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 23-137-MWF (KS)                                              Date: April 23, 2024

Title       *Thyrone Ryan Stewart v. James Hill, et al.*

     If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

 

|  | : |
|---|---|
| **Initials of Preparer** | gr |